UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| MOHAMMAD BURHAM UDDIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5: 22-100-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| DEPARTMENT OF HOMELAND SECURITY, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

In November 2021, Plaintiff Dr. Mohammad Burhan Uddin filed his Complaint in this action seeking to compel federal officials to act upon his pending I-140 immigration application. [D. E. No. 1] Following a transfer of venue [D. E. No. 8], the Defendants filed a motion to dismiss the Complaint. The Defendants indicate that Uddin's application has since been adjudicated, and assert that his Complaint is now moot. [D. E. No. 15] On May 26, 2022, the Court entered an Order directing Uddin to file his response to the motion within twenty-one days, and cautioned that this action could be dismissed if he failed to do so. [D. E. No. 18] The deadline to respond has come and gone without response from Uddin.

The Local Rules of this Court require a party opposing a motion to file a response within twenty-one days, and caution that a failure to file such a response is grounds to grant the motion. LR 7.1(c); *see Humphrey v. U.S. Attorney Gen. Office*,

279 F. App'x 328, 331 (6th Cir. 2008). However, when the motion is one that is potentially dispositive of the case, the Court will not grant the motion solely on the ground that the opposing party has failed to respond unless the record establishes a pattern of delay or noncompliance with the Court's orders sufficient to warrant dismissing the case under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *Lovejoy v. Owens*, 1994 WL 91814, at *1 (6th Cir. March 21, 1994) ("A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded."). Dismissal is generally warranted where the party fails to act in the face of a clear prior warning that the case would be dismissed. *Bowles v. City of Cleveland*, 129 F. App'x 239, 244 (6th Cir. 2005). Uddin was given such a warning in this case, and his failure to respond to the Defendants' dispositive motion indicates abandonment of this action. The Court may therefore dismiss the case for failure to prosecute in light of the foregoing.

In addition, where the plaintiff does not file a substantive response to the defendants' motion to dismiss, the Court may conclude from his silence that the "plaintiff [has] waived opposition to the motion." *Humphrey*, 279 F. App'x at 331. The Court may also accept the defendants' factual assertions as true. *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 404-05 (6th Cir. 1992). In support of their motion, the Defendants filed under seal a recent letter from the United States Citizenship and Immigration Service denying Uddin's I-140 application. [D. E. No.

16] Uddin having challenged neither the authenticity of the letter nor the Defendants' assertion regarding the legal effect of USCIS's determination upon this action, the Court agrees that this case must be dismissed as moot. *Cf. Kuai Le Chen v. Nielsen*, 365 F. Supp. 3d 292, 295 (E.D.N.Y. 2019) ("When a plaintiff asks a court to compel a federal official to act, and the federal official has already performed that act, the claim is moot, and, therefore, the court lacks subject matter jurisdiction. Here, Le Chen seeks to compel USCIS to take action on his I-495 Application and I-730 Petitions. However, USCIS already did this in January 2018, when it administratively closed the I-495 Application and denied the I-730 Petitions. Accordingly, Le Chen's claims are moot, and his complaint must be dismissed for lack of subject matter jurisdiction.")

Accordingly, it is **ORDERED** as follows:

1. Defendants' Motion to Dismiss [D. E. No. 15] is **GRANTED**.

2. Plaintiff Dr. Mohammad Burhan Uddin's Complaint [D. E. No. 1] is **DISMISSED**.

This the 21st day of June, 2022.



Signed By:
Henry R Wilhoit Jr.
United States District Judge